**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | | |
|---|---|---|
| TEVIN LAMAR HARPER,<br><br>*Plaintiff*,<br><br>v.<br><br>C/O HORN, C/O OCHEA, TOM SPANGLER, KNOX COUNTY, AND STATE OF TENNESSEE,<br><br>*Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 3:26-cv-327<br><br>Judge Atchley<br><br>Magistrate Judge McCook |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, a prisoner detained in the Roger D. Wilson Detention Facility, filed a motion seeking to proceed *in forma pauperis* this civil rights action under 42 U.S.C. §1983. [*See* Docs. 1, 2]. Finding that the motion was not properly supported, the Court entered an Order on July 14, 2026, providing Plaintiff thirty (30) days within which to submit a certified copy of his inmate trust account (or its institutional equivalent) for the previous six-month period. [Doc. 6]. The Order expressly warned Plaintiff that failure to timely comply would result in the full assessment of fees and dismissal of the case. [*Id.* at 2]. Plaintiff has not complied with the Court's Order, and the time for doing so has passed.

Under Federal Rule of Civil Procedure 41(b), the Court may dismiss a case for a failure of the plaintiff "to prosecute or to comply with these rules or a court order." FED. R. CIV. P. 41(b); see *also Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999); *see also Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal

under Rule 41(b)." (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962))). The Court examines four factors when considering dismissal under FED. R. CIV. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

Plaintiff has willfully failed to comply with the Court's Order despite the Court's warnings that this case would be dismissed for noncompliance. And alternative sanctions are not warranted given Plaintiff's failure to comply with the Court's clear instructions and his lack of communication with the Court. On balance, these factors support dismissal of this action under Rule 41(b).

Moreover, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Plaintiff's pro se status did not prevent him from complying with the Court's Order, and Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, Plaintiff will be **ASSESSED**[1] the filing fee of $405.00, and this action will be **DISMISSED WITHOUT PREJUDICE**. The Clerk will be **DIRECTED** to provide a copy of this Memorandum Opinion and Order and the accompanying Judgment Order to the Court's

[1] "Section 1915(b)(1) compels the payment of the [filing] fees at the moment the complaint. . . is filed." *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

financial deputy and Plaintiff's custodian. These Orders shall be placed in Plaintiff's institutional file and follow him if he is transferred to another correctional facility.

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a).

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**SO ORDERED.**

/s/*Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**